UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY D. WARD,<br><br>    Plaintiff,<br><br>vs.<br><br>SHERIFF KEVIN THOMM; SHERIFF BRIAN MUELLER; COMMANDER ROBERT YANTIS; CAPTAIN CASEY MUNSCH; LT. KATHLEEN HOUSTON; LT. WILSON; SGT. REICHERT; CO. SCOTT MOORE; CO. ESPINOZA; CO. CAMREN; ADMIN. CO. DONELL WELCH; ADMIN. CO. MADISON HOUSTON; DR. JOHN/JANE DOE; DR. RACHEL (last name unknown); NURSE MEGAN (last name unknown); COUNTY PENNINGTON, a County in South Dakota; TRINITY SERVICES GROUP, INC.; and NURSE JANE DOE,<br><br>    Defendants. | 5:23-CV-05061-CCT<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND DIRECTING ASSISTANCE WITH SERVICE** |

  Plaintiff, Anthony D. Ward, an inmate at the Federal Correctional Institution (FCI) Mendota, in Mendota, California, filed a pro se lawsuit under various federal laws. Docket 1. This Court screened Ward's complaint, dismissing it in part and directing service on the remaining identified Defendants. Docket 17. The summonses for four Defendants were returned unexecuted.[1] Docket 25. The summonses for Thom, Yantis, and Reichert were

---

[1] In his motion to compel, Ward also requests that the Court order Pennington County to serve Trinity Services Group, Inc. (TSG). Docket 37 at 1. After Ward filed his motion to compel, TSG was served, and the Court has extended the time for TSG to answer or

returned unexecuted because these Defendants are no longer employed by Pennington County. *Id.* at 1–2, 5–8. The summons for Camren, who is identified as a "blackshirt overnight CO" at Pennington County Jail was returned unexecuted because it did not include sufficient identifying information. *Id.* at 3–4; Docket 36 at 1–2 (capitalization in original omitted). Ward now moves for an order compelling Pennington County to serve or accept service of process on behalf of Thom, Yantis, Reichert, and Camren. Docket 37. Pennington County opposes Ward's motion to compel and argues that one defendant has no obligation or duty to serve a co-defendant in a lawsuit. Docket 39.

**ANALYSIS AND DISCUSSION**

To the extent Ward seeks an order compelling Pennington County to serve or accept service on behalf of former employees Thom, Yantis, and Reichert, his motion, Docket 37, is denied. "While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [the plaintiff's] responsibility to provide proper addresses for service on [defendants]." *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam). "[A] plaintiff bears the burden of providing proper service information[.]" *Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798, 799 (8th Cir. 2014) (per curiam) (citation omitted). Here, Ward has not provided summonses listing the proper addresses for Thom, Yantis, and Reichert. This Court cannot

---

otherwise respond to Ward's complaint until September 7, 2025. Docket 42 at 1; Docket at 44.

order Pennington County to accept service on behalf of its former employees or to serve its former employees.

In *Beyer v. Pulaski County Jail*, the United States Court of Appeals for the Eighth Circuit considered whether the district court abused its discretion in dismissing without prejudice a pro se prisoner's § 1983 action under Federal Rule of Civil Procedure 4(m). *Beyer*, 589 F. App'x at 799. After the district court granted Beyer's motion to proceed in forma pauperis, the United States Marshals Service (USMS) attempted to serve the defendant, a correctional officer, at the jail where the alleged excessive force had taken place. *Id.* at 798. The USMS was unable to serve the correctional officer because the officer was no longer employed at the jail. *Id.* When Beyer was unable to provide an address at which the correctional officer could be served, the action was dismissed without prejudice for failure to prosecute. *Id.* at 799.

Beyer contended that he was in administrative segregation at another prison, had no access to a law library, and his friends and family were unable to assist him in locating the former correctional officer. *Id.* at 798. Beyer also alleged that the jail at which the correctional officer was employed should have information that would assist the USMS in locating her, including alternative contact information she provided while employed there. *Id.* at 798–99. The Eighth Circuit held that in these circumstances the district court abused its discretion in dismissing the action and directed the district court to order the USMS to seek the correctional officer's last-known contact information,

including any alternative contact information, from the jail and to re-attempt to serve her. *Id.* at 799.

In this case, it appears that the USMS determined that Thom, Yantis, and Reichert are no longer employed by Pennington County and did not leave any forwarding address. Docket 25 at 2, 6, 8. But it not clear whether the USMS attempted to obtain alternative contact information such as these Defendants' last-known home addresses or alternative contact information.[2] In some cases, courts in the District of South Dakota have entered orders to assist pro se inmates to perfect service on defendants who remained after the Court's 1915A screening. In these cases, when the plaintiff was able to demonstrate that he has diligently attempted to complete service but is unable to do because of logistical hurdles inherent in the inmate's conditions of confinement that restrict an inmate's ability to gather personal information about current and former law enforcement and correctional employees. *See Christians v. Young*, 4:20-CV-04083-LLP, 2023 WL 2687260, at *13 (D.S.D. Mar. 29, 2023); *Hughbanks v. Fluke*, 4:21-CV-04167-KES, 2023 WL 1930334, at *1–2 (D.S.D. Feb. 10, 2023); *Cody v. Clark*, 4:22-CV-04010-KES, 2023 WL 112695, at *7, (D.S.D. Jan. 5, 2023) (citing *Hansen v. S.D. Dep't of Corr.*, 4:19-CV-04019-KES, Docket 44 at 4)). In this case, the record demonstrates that Ward does not have Internet access or access to any persons who can help him

---

[2] The Court is not suggesting that the USMS should have done anything more than what the USMS documented in the Proofs of Service explaining why the summonses were returned unexecuted. Docket 25 at 2, 6, 8.

4

locate the current addresses for Thom, Yantis, and Reichert. Docket 37 at 3; Docket 38 at 1.

In his motion to compel, Ward requests, in the alternative, that the Court require Pennington County to "provide the address of their new county jobs or provide the personal address to the Court[.]" Docket 37 at 3; *see also id.* at 4. Ward's alternative request that the Court direct assistance with service is granted. Docket 37 at 3. This Court orders counsel who has appeared on behalf of Pennington County to provide the last known home addresses, personal cell numbers, and other reasonably available alternative contact information for Thom, Yantis, and Reichert to the Clerk of Court by **August 29, 2025.** The contact information for these Defendants should **not** be provided to Ward and should **not** be included in any publicly available filing. The Defendants' contact information should be provided under seal or in an alternative format that ensures that the information will not be provided to Ward and will not be publicly available.

Upon receipt of this information, the Clerk of Court is directed to prepare and issue summonses for service on Thom, Yantis, and Reichert. After the summonses are issued, the Clerk of Court must deliver the completed summonses, a copy of the complaint and its exhibits (Dockets 1 and 1-1), the supplement (Docket 8), the Court's 1915A screening order (Docket 17) and this Order to the USMS for service upon Thom, Yantis, and Reichert. The Clerk of Court must redact Defendants' contact information before filing a copy of the summonses or any returns of service and provide redacted copies to Ward. *See,*

*e.g.*, *Allen v. Siddiqui*, 3:07CV-P261-H, 2008 WL 2217363, at *1–2 (W.D. Ky. May 27, 2008) (recognizing that when the USMS is directed to effect service the court can have the agency that previously employed the defendant file his last known address under seal); *Skinner v. Beemer*, 05-71150, 2007 WL 2982419, at *1 (E.D. Mich. Oct. 11, 2007) ("Although the Court is disinclined to provide Defendant['s] . . . home address to the Plaintiff, it would be appropriate to direct [his former employer] to provide his last known address to the Court *in camera*, subject to a protective order that it will not be provided to the Plaintiff himself."); *Kowalski v. Stewart*, 220 F.R.D. 599, 600 (D. Ariz. 2004) (stating that releasing a former correctional officer's personal information to an inmate would jeopardize his personal safety).

    This Court construes Ward's request for assistance with serving Camren, who is identified only as a blackshirt overnight employee, as a request for assistance in fully identifying a defendant, which is denied. If Ward does not have means to fully identify Camren at this stage of the proceedings, he may attempt to do so through discovery when the case reaches the stage at which discovery is permissible.

    Accordingly, it is ORDERED

1. That Ward's Motion to Compel, Docket 37, is denied, but Ward's alternative request for assistance with service, Docket 37 at 3, is granted in part.

2. That counsel who has appeared on behalf of Pennington County must provide the last known home addresses, personal cell numbers, and

    other reasonably available alternative contact information for Thom, Yantis, and Reichert to the Clerk of Court by **August 29, 2025.** The contact information for Thom, Yantis, and Reichert should **not** be provided to Ward and should **not** be included in any publicly available filing. Defendants' contact information should be provided under seal or in an alternative format that ensures that the information will not be provided to Ward and will not be publicly available.

3. That upon receipt of this information, the Clerk of Court is directed to prepare and issue summonses for service on Thom, Yantis, and Reichert. After the summonses are issued, the Clerk of Court must deliver the completed summonses, a copy of the complaint and its exhibits (Dockets 1 and 1-1), the supplement (Docket 8), the Court's 1915A screening order (Docket 17) and this Order to the USMS for service upon Thom, Yantis, and Reichert.

4. That the USMS shall serve the completed summonses, a copy of the complaint and its exhibits (Dockets 1 and 1-1), the supplement (Docket 8), the Court's 1915A screening order (Docket 17) and this Order upon Thom, Yantis, and Reichert.

5. That contact information for Thom, Yantis, and Reichert should not be provided to Ward or included in any publicly available filing. The Clerk of Court must redact these Defendants' contact information before filing a copy of the summonses or any returns of service and provide redacted copies to Ward.

6.     That Defendants must serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

7.     That Ward's Motion for Extension of Time to File a Reply Brief in Support of his Motion to Compel, Docket 46, is denied as moot.

Dated August 14, 2025.

                        BY THE COURT:

                        /s/ *Camela C. Theeler*
                        CAMELA C. THEELER
                        UNITED STATES DISTRICT JUDGE