UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY D. WARD,<br><br>               Plaintiff,<br><br>vs.<br><br>SHERIFF KEVIN THOMM; SHERIFF BRIAN MUELLER; COMMANDER ROBERT YANTIS; CAPTAIN CASEY MUNSCH; LT. KATHLEEN HOUSTON; LT. WILSON; SGT. REICHERT; CO. SCOTT MOORE; CO. ESPINOZA; CO. CAMREN; ADMIN. CO. DONELL WELCH; ADMIN. CO. MADISON HOUSTON; DR. JOHN/JANE DOE; DR. RACHEL (last name unknown); NURSE MEGAN (last name unknown); COUNTY PENNINGTON, a County in South Dakota; TRINITY SERVICES GROUP, INC.; and NURSE JANE DOE,<br><br>               Defendants. | 5:23-CV-05061-CCT<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL** |

Plaintiff, Anthony D. Ward, an inmate at the Federal Correctional Institution (FCI) Mendota, in Mendota, California, commenced this pro se lawsuit under various federal laws. Docket 1. The Court screened Ward's complaint under 28 U.S.C. § 1915A, dismissing the complaint in part and directing service in part. Docket 17. When he commenced this action, Ward moved for appointment of counsel because he is a "novice at law" and the statutes under which he brings suit "are extremely complicated[.]" Docket 5 at

1. After considering the relevant factors, *see Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998), the Court denied Ward's motion for appointment of counsel because "the Court does not deem it necessary to appoint counsel at this early stage in the litigation." Docket 17 at 85. Although this case is still in the early stage, Ward has filed a second motion for appointment of counsel. Docket 56.

According to Ward's second motion for appointment of counsel, "[t]here has been a plethora of issues that are a major burden on the plaintiff that can create issues for the plaintiff to properly access the court." *Id.* at 56. But none of the issues Ward raises in his motion are reasons to appoint counsel at this stage of the litigation.

After his arrest, Ward was detained at the Pennington County Jail prior to trial. This action arises out of Ward's pre-trial detention. Ward contends that various Pennington County employees attempted to obstruct his mail and access to his trial counsel. *Id.* at 1–2. Ward has been convicted, sentenced and in the custody of the Bureau of Prisons at FCI Mendota. Docket 16. Ward has not presented any evidence that any of the issues he alleges he experienced while detained at the Pennington County Jail are present at FCI Mendota.

Ward notes that he struggled with serving the defendants. Docket 56 at 4. All but one of the defendants have been served and answered. Dockets 24, 45, 57, 58, 58, 59. Defendant Camren has not been served because Ward has not provided sufficient identifying information to the USMS. Docket 25 at 3–4; Docket 36 at 1–2. Ward's inability to sufficiently identify one of eighteen

2

defendants is not a reason to appoint counsel, and the Court does not agree that an attorney will be able to serve Camren based on Ward's very limited identifying information.

Ward contends that he is a "novice at law" and that the statutes he alleged defendants violated are complex. This Court is familiar with the statutes Ward alleges defendants violated, and regardless of whether Ward is represented by counsel, the Court will apply the correct legal standard when considering any dispositive motions or other legal questions presented to the Court. Further, Ward's filings to date demonstrate that he can adequately present his claims to the Court. His complaint spans 99 pages, but it is well organized with separate paragraphs, separate counts, and contains detailed factual allegations in support of each cause of action. *See generally* Docket 1. The complaint includes multiple exhibits and addenda, but the attachments are clearly identified, organized, and indexed. *See generally* Docket 1-1. Ward's second motion for appointment of counsel accurately sets out the complete procedural history of this action with appropriate citations to the CM/ECF docket entries. *See generally* Docket 56. Although Ward mentions confusion or difficulty with court procedure, Ward's filings do not reflect any confusion or difficulty with court procedure.

While this action arises out of incidents that occurred in Pennington County and Ward is now incarcerated in California, Ward provides no explanation why interrogatories and requests for production of documents are inadequate to investigate his claims. In fact, the record does not even reflect

3

that Ward has attempted to conduct discovery, but he speculates that there "will surely be discovery issues." *Id.* at 6.

Finally, Ward contends that counsel should be appointed because of prison mail delays, the possibility that the prison may be on lockdown during the pendency of this action, and a future anticipated surgery. *Id.* If Ward cannot meet any deadline because of mail delay, a lockdown, medical treatment, or any other reasons, Ward may file a motion requesting an extension of time in accordance with Federal Rule of Civil Procedure 6(b). Ward certainly understands the process for requesting an extension of time as he has already filed two motions for extension of time in this case. Dockets 46, 49. However, the Court will direct the Clerk of Court to provide Ward a copy of Federal Rule of Civil Procedure 6 along with this Order so that Ward may review and reference the applicable rule if he chooses to file a motion for extension of time as this case proceeds.

For all these reasons, after considering the relevant factors, *see Steven*, 146 F.3d at 546, along with Ward's motion for appointment of counsel, at this stage of the proceedings, Ward's motion for appointment of counsel, Docket. 56, is denied without prejudice to Ward renewing the motion if circumstances change. Thus, it is

ORDERED that Ward's second motion for appointment of counsel, Docket 56, is denied without prejudice. It is further

ORDERED that the Clerk of Court shall provide to Ward a copy of

Federal Rule of Civil Procedure 6 along with this Order.

Dated October 23, 2025.

BY THE COURT:

*/s/ Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

5