UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ANTHONY D. WARD,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF KEVIN THOMM; SHERIFF BRIAN MUELLER; COMMANDER ROBERT YANTIS; CAPTAIN CASEY MUNSCH; LT. KATHLEEN HOUSTON; LT. WILSON; SGT. REICHERT; CO. SCOTT MOORE; CO. ESPINOZA; CO. CAMREN; ADMIN. CO. DONELL WELCH; ADMIN. CO. MADISON HOUSTON; DR. JOHN/JANE DOE; DR. RACHEL (last name unknown); NURSE MEGAN (last name unknown); COUNTY PENNINGTON, a County in South Dakota; TRINITY SERVICES GROUP, INC.; and NURSE JANE DOE,<br><br>Defendants. | 5:23-CV-05061-CCT<br><br>**ORDER ON PLAINTIFF'S PENDING MOTIONS (DOCKETS 74, 78, 91)** |

Plaintiff, Anthony D. Ward, an inmate at the Federal Correctional Institution (FCI) Mendota, in Mendota, California, commenced this pro se lawsuit under various federal laws. Docket 1. Ward has filed various motions, *see* Dockets 74, 78, 91, which the Court now considers.

## I.    Docket 74

Ward's claims against a defendant he identified in his complaint as "Camren (first or last name unknown)" survived § 1915A screening. Docket 1 at

6; Docket 17 at 88, 89, 90, 91, 92. However, the summonses directed to this defendant have been returned unexecuted because the USM-285 forms did not contain sufficient identifying information. Docket 25 at 3–4; Docket 36 at 1–2. The Court previously denied Ward's request that the Pennington County defendants who had appeared fully identify defendant Camren, *see* Docket 37, but the Court noted that "[i]f Ward does not have means to fully identify Camren at this stage of the proceedings, he may attempt to do so through discovery when the case reaches the stage at which discovery is permissible." Docket 47 at 6. Ward then moved for an order to show cause why service has not been made on defendant "Camren or Carmen, the blackshirt overnight employee employed by the County of Pennington[.]" Docket 74 at 1. The Pennington County defendants oppose Ward's motion and argue that they have no obligation or duty to serve defendants in a lawsuit. Docket 77.

It appears that Ward has now obtained information to fully identify Camren or Carmen. He has submitted a USM-285 form identifying this defendant as "Alexandra Cameron, An Overnight Blackshirt Employee" and included a service address. Docket 110. Thus, Ward's motion for order to show cause, Docket 74, is denied as moot.

## II.    Dockets 78, 91

Ward moves to strike two of defendant Trinity Services Group, Inc.'s filings "for violation of Rule 5[.]" Docket 78 at 1. Specifically, Ward moves to strike the motion for pro hac vice admission, Docket 52, and the answer, Docket 55, that Trinity Services Group, Inc. (Trinity) filed but did not serve on

2

him. Docket 78. Ward also seeks other relief. *Id.* at 4–5. Previously, the Court granted Ward's motion for an order directing Trinity and its counsel to comply with Federal Rule of Civil Procedure 5, Docket 81, and directed that any motion, pleading, or other paper that Trinity files must be served on Ward by U.S. Mail, and that Trinity must file a certificate of service confirming that Ward has been served. Docket 83 at 3–4. The Court also ordered Trinity to respond to Ward's motion to strike, Docket 78. Docket 83 at 5. The Court has considered Trinity's response, Docket 85, as well as Ward's reply, Docket 91.[1] Ward's motion to strike, Docket 78, is denied.

Trinity does not dispute that its motion for pro hac admission, Docket 52, and answer, Docket 55, were not timely mailed to Ward. *See generally* Docket 85. But Trinity explains that the oversight was inadvertent and due to clerical oversight during a period of paralegal turnover. *Id.* at 3–4. Further, when Trinity became aware that Ward had not been mailed[2] copies of some of its filings, Trinity promptly mailed copies to Ward. *Id.* at 4; Docket 84. Federal Rule of Civil Procedure 6(b)(1)(B) permits a court to extend the time for a party to submit a filing "if the party failed to act because of excusable neglect." "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or

---

[1] Ward titles his reply as a motion, *see* Docket 91, but he does not seek any relief beyond the relief sought in his initial motion. *Compare* Docket 78, *with* Docket 91. Thus, to the extent this filing is appropriately characterized as a motion, it is denied for the same reasons that Ward's initial motion to strike, Docket 78, is denied.

[2] It is undisputed that Trinity's answer was timely filed.

3

carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). Factors to consider include: "(1) the possibility of prejudice to the [non-moving party], (2) the length of the delay and the potential impact on judicial proceedings, (3) the reasons for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Kurka v. Iowa Cnty.*, 628 F.3d 953, 959 (8th Cir. 2010).

Taking into account the relevant factors and Trinity's explanation, the Court declines to strike Trinity's answer as untimely. Ward has not demonstrated any prejudice or that the delay will have any impact on the proceedings. There is no indication this was anything other than an inadvertent mistake, and there was no bad faith. Excusable neglect "does not require a showing that the party was without fault[.]" *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 857 (8th Cir. 2010). Under similar circumstances, the Eighth Circuit has held that it is an abuse of discretion not to find excusable neglect. *See, e.g.*, *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782–83 (8th Cir. 2001) (finding that district court abused its discretion by not finding excusable neglect where defendant failed to file an answer because of "faulty record-keeping" in the legal department); *Johnson v.*

4

*Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784–85 (8th Cir. 1998) (holding an abuse of discretion occurred when the district court did not set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer).

Federal Rule of Civil Procedure Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Because the rule is stated in the permissive . . . it has always been understood that the district court enjoys 'liberal discretion'" under 12(f). *Stanbury L. Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam) (citation omitted). But motions to strike are considered an "extreme measure" and are therefore "viewed with disfavor and [ ] infrequently granted." *Id.* (quoting *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977)). Trinity's answer, Docket 55, does not contain any redundant, immaterial, impertinent, or scandalous matter. Thus, there is no basis to strike that pleading under Rule 12(f).

Rule 12(f) does not permit the Court to strike Trinity's motion for admission pro hac vice. Docket 52. A Rule 12(f) motion to strike may only be used on pleadings, which are defined in Rule 7(a) as complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, third-party answers, and court-ordered replies to answers. *See* Fed. R. Civ. P. 7(a); Fed. R. Civ. P. 12(f). Thus, Rule 12(f) is not the proper method for moving to strike a motion. *See, e.g., Ward v. Copenhaver,* No. 3:23-CV-00250-LPR-BBM, 2024 WL 7013969, at *1 (E.D. Ark. Sep. 5, 2024) (recognizing that Rule

12(f) does not provide a basis for striking motions, responses, replies and other filings that are not defined as pleadings in Rule 7(a)); *Burns v. City of Apple Valley*, No. 05-585 (PJS/RLE), 2007 WL 9834139, at *8 (D. Minn. Mar. 8, 2007) (holding a party could not use Rule 12(f) to strike non-pleading filings (citation omitted)), *report and recommendation adopted by* 2007 WL 2247600 (D. Minn. Aug. 3, 2007). As such, to the extent that Ward moves to strike under Rule 12(f), the motion is denied.

District courts enjoy an inherent authority to control their dockets to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted); *see also Lunsford v. United States*, 570 F.2d 221, 227 n.11 (8th Cir. 1977) (recognizing the court's authority to strike materials on its own initiative). This authority provides courts the power "to strike improper or untimely briefs and otherwise to enforce their local rules." *Libault v. Mamo*, No. 4:22CV3096, 2023 WL 1474853, at *1 (D. Neb. Feb. 2, 2023); *McClurg v. Mallinckrodt, Inc.,* No. 4:12-CV-00361-AGF, 2017 WL 2880350, at *3 (E.D. Mo. July 6, 2017) ("The Court also retains inherent authority to strike evidence or pleadings that are not in compliance with its orders.").

Nevertheless, a court's "inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. Therefore, courts generally disfavor striking materials from the docket. *See WWP, Inc. v. Wounded Warriors, Inc.,* No. 8:07CV370, 2008 WL 150234, at *1 (D. Neb. Jan. 14, 2008) (citation omitted). Striking filings because of an inadvertent clerical oversight that

6

causes no prejudice and which is promptly corrected is not an appropriate use of this Court's inherent powers. Accordingly, Ward's motion to strike, Docket 78, is denied.

## III.    Conclusion

Thus, it is ORDERED:

1.    That Ward's motion for an order to show cause, Docket 74, is denied as moot.

2.    That the Clerk of Court will issue a summons for  "Alexandra Cameron, An Overnight Blackshirt Employee," and deliver the summons, along with a copy of the completed USM-285 form (Docket 110), the complaint and its exhibits (Dockets 1 and 1-1), the supplement (Docket 8), the § 1915A screening order (Docket 17), and this order to the United States Marshals Service.

3.    That the United States Marshals Service will serve the completed summons, together with a copy of the complaint and its exhibits (Dockets 1 and 1-1), the supplement (Docket 8), the § 1915A screening order (Docket 17), and this order upon defendant Alexandra Cameron, An Overnight Blackshirt Employee.

4.    That defendant Cameron will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

5.    That Ward's motion to strike, Docket 78, is denied.

6.      That Ward's reply motion to Trinity's response to motion to strike,

Docket 91, is denied.

Dated August 5, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE